UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **ALICIA WATSON** | **CIVIL ACTION 08-950** |
| **VERSUS** | **JUDGE HAIK** |
| **MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY** | **MAGISTRATE JUDGE HANNA** |

*RULING AND ORDER*

Before the court is Plaintiff's Petition for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (28 U.S.C. Section 2412)(Rec. Doc. 17). In her petition, counsel for plaintiff asks the court to enter an order "directing Defendant to pay to Plaintiff's attorney, Jo Ann Nixon, the sum of Two Thousand Seven Hundred Ninty [sic] and 00/100 ($2,790.00) Dollars pursuant to the Equal Access to Justice Act (28 U.S.C. Section 2412)."[1]

Defendant filed a response in which he does not object to the amount of the award requested, $2,790.00 (18.60 hours at an hourly rate of $150.00), but does object to plaintiff's request that the court award the EAJA fee directly to counsel. Defendant argues the Supreme Court in <u>Astrue v. Ratliff</u>, ___S.Ct.___, 2010 WL 2346547 (U.S.), recently held that attorney fees payable under the EAJA are payable to the litigant, and not the plaintiff's attorney.

---

[1] Petition (Rec. Doc. 17), p. 2.

Prior to the Ratliff opinion, attorney fee awards under the EAJA were frequently paid directly to the attorney, and not to the claimant.  In Ratliff, the Supreme Court determined the claimant, rather than his attorney, was entitled to receive the attorney fees under an EAJA award issued under 28 U.S.C. § 2412(d)(1)(A).  Because the attorney fees were awarded to the claimant, the award could be offset by the government in payment of certain delinquent federal debts of a claimant/debtor pursuant to 31 U.S.C. § 3716 (Treasury Department Offset Program, or "TOP").   However, the Ratliff opinion, analogizing § 2412(d)(1)(A)'s to 42 U.S.C. § 1988(b)'s "prevailing party" language, recognized recent cases interpreting § 1988(b) emphasized "the nonstatutory (contractual and other assignment-based) rights that typically confer upon the attorney the entitlement to payment of the fees award the statute confers on the prevailing litigant."  Ratliff, at *7.  The court reasoned these nonstatutory rights would not be necessary if the EAJA or § 1988(b) awarded attorney fees directly to attorneys and not to litigants.

While Ratliff makes it clear that the attorney fee award is the property of the plaintiff, the prevailing party, counsel also has an interest in ensuring her nonstatutory fee rights are satisfied.  Therefore, the undersigned will order the fees be made payable to both counsel and claimant.  Counsel for the Commissioner has been contacted and has no objection to the award being issued in both counsel and claimant's names.

For the reasons given above,

**IT IS ORDERED** that Plaintiff's Petition for Award of Attorney's Fees Pursuant

to the Equal Access to Justice Act (28 U.S.C. Section 2412)(Rec. Doc. 17) is **GRANTED** and defendant shall pay to Jo Ann Nixon and Alicia Watson the sum of Two Thousand Seven Hundred Ninety ($2,790.00) Dollars pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A).

    Lafayette, Louisiana, this 19th day of July, 2010.

_____
Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)